# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNA F. VENEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-08-004-JHP-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Donna F. Veney requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining that she was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) to two inquiries: first, whether the decision is supported by substantial evidence; and second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court

---

[1] Step one requires the claimant to establish she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on March 29, 1954, and was fifty-two years old at the most recent administrative hearing. She has a high school education plus two years of college and previously worked as a retail store manager, gambling cashier, cashier checker, secretary, payroll clerk, and office manager. The claimant alleges she has been disabled since July 25, 2002, because of depression; post-traumatic stress disorder ("PTSD"); nightmares and sleep problems; concentration problems; confusion; mood swings; problems being around people and crowds; side effects from medication; hypertension; thyroid problems; residual right-sided weakness in her hand, arm, knee, ankle and foot due to a stroke; fibromyalgia causing pain in all joints; migraine headaches; neck, shoulder, back and knee problems; and carpal tunnel syndrome causing loss of grip, weakness and numbness in the hands.

## Procedural History

On January 3, 2003, the claimant filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, which was denied. ALJ Eleanor T. Moser issued a decision on May 14, 2004, denying the claimant's application. The Appeals Council granted review and remanded the ALJ's decision for further findings on July 21, 2004. ALJ Michael Kirkpatrick conducted a supplemental hearing then rendered

a decision finding the claimant was not disabled on November 18, 2004. The claimant appealed the decision to this Court, which reversed and remanded the Commissioner's decision for further proceedings. After another hearing, ALJ Kirkpatrick again concluded the claimant was not disabled on May 1, 2007. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform light work, *i. e.*, that she could lift and/or carry ten pounds frequently and twenty pounds occasionally; stand and/or walk for at least six hours total during an eight-hour workday; and sit for at least six hours total during an eight-hour workday. The claimant was further limited to only occasional climbing, balancing, stooping, kneeling, crouching, and crawling, and she could "perform simple, routine tasks, and some detailed, but not complex job tasks, [that] d[id] not require interaction with the general public." The ALJ concluded that the claimant was not disabled because she could perform her past relevant work as a payroll clerk (Tr. 469).

### Review

The claimant contends that the ALJ erred: (i) by improperly ignoring probative evidence of her migraine headaches; (ii) by failing to include all her limitations in the RFC;

and, (iii) by failing to perform a proper step-four analysis of the claimant's past work. The undersigned Magistrate Judge finds the claimant's first contention persuasive.

The record reveals that the claimant complained of headaches and had a history of migraines as early as March 2002 (Tr. 119-20). In March 2003, she experienced intractable headaches for two weeks and described her head as "throbbing." (Tr. 160, 162). At her April 2003 psychological evaluation, the claimant reported she had suffered from "constant pain from headaches since 1980." (Tr. 126). Her head was "throbbing" in June 2003 (Tr. 681), and she continued to complain of migraines at another evaluation in July 2003 (Tr. 168). The claimant's physician's assistant at the Veteran's hospital indicated that she experienced "incapacitating headache[s] several days of the week" in October 2003 (Tr. 198). At an appointment in April 2004, the claimant continued to suffer from migraine headaches, which reportedly occurred at least once a week and sometimes every two to three days and lasted between two and three hours. She took Imitrex for the migraines (Tr. 357, 363, 615, 657). Her migraines continued in July 2004, and the claimant was prescribed Zomig (Tr. 610-11). In January 2005, the claimant complained that her migraine headaches "[were] killing [her]." (Tr. 604, 641). When the claimant had all of her teeth extracted in April 2005, her migraines seemed to improve (Tr. 599, 629). However, she was again noted to suffer from migraine headaches in July and August 2005 (Tr. 569, 575), and by October 2005, her migraine headaches were occurring three times per week (Tr. 593). In January 2006, the claimant continued to be diagnosed with migraines (Tr. 757).

In documents completed by the claimant upon her application for disability, she complained of migraines and indicated that she took Imitrex and Zomig (Tr. 72, 77, 103, 563). She noted that her migraines, *inter alia*, contributed to her not being able to perform past activities (Tr. 85) and affected her sleep (Tr. 555). The claimant testified at the administrative hearings that she experienced migraines around once a week that lasted from one to three days. She took medication but had to be careful that it did not interact with the medication she took for her fibromyalgia. Sometimes the claimant would lie down and stay in a dark room (Tr. 387, 425, 824, 826).

A claimant has the burden of proof at step two of the sequential analysis to show that she has an impairment which is severe enough to interfere with the ability to work. *Bowen v. Yuckert*, 482 U.S. 137 (1987). Although a claimant "must show more than the mere presence of a condition or ailment[,]" *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997), the claimant's step-two burden only requires a *de minimis* showing of impairment. *Hawkins*, 113 F.3d at 1169, *citing Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). The claimant specifically raised the possibility that her migraine headaches were a severe impairment when she applied for benefits and in her testimony at the administrative hearing, but the ALJ made no mention whatever of the claimant's headaches (or any of the evidence documenting them) in discussing her other impairments. *See, e. g., Spicer v. Barnhart*, 64 Fed. Appx. 173, 177 (10th Cir. 2003) (reversing ALJ's decision when he failed to even mention an impairment making it impossible to determine if he formed any conclusion

regarding the impairment individually or in combination with other impairments when evaluating the RFC) [unpublished opinion]. Although a finding of non-severity might be inferred from the ALJ's failure to discuss the impairment, such an inference is beyond the scope of review. *See Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) (A reviewing court is "'not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991). At a minimum, the ALJ should have evaluated and discussed the underlying evidence of the claimant's migraine headaches and explained why he did not find them to be a severe impairment. *See Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). *See also Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003) (remanding "for the ALJ to articulate specific findings and his reasons for ignoring . . . evidence.").

Further, the ALJ failed to make any findings in the credibility determination as to why the claimant's complaints of pain from her migraines were rejected. In his credibility determination, the ALJ discussed the claimant's complaints of pain from her musculoskeletal impairment, cervical disc disease, carpal tunnel syndrome, right knee surgery, back, and fibromyalgia, the claimant's performance of daily activities, and the testimony of claimant's witnesses (Tr. 467-69). He "d[id] not find credible [the] claimant's allegations of multiple

impairments imposing both exertional and non exertional limitations of such severity as to preclude the performance of any substantial gainful work activity. The totality of the record persuade[d] the [ALJ] that although [the] claimant ha[d] voiced rather marked functional limitations, the true extent of her functional limitations [was] significantly less than that which [was] alleged." (Tr. 463). The ALJ, however, made no mention of the claimant's complaints of pain from her migraine headaches or her testimony that the headaches affected her functional abilities. His credibility analysis should have "expressly reflected" his consideration and rejection of the claimant's testimony that she suffered pain from her headaches. *See, e. g., Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988) ("Before finding that a claimant experiencing pain from a medically determinable impairment is not disabled, an ALJ must carefully consider all the relevant evidence, including subjective pain testimony, and expressly reflect that consideration in the findings.").

Accordingly, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis of the claimant's migraine headaches. The ALJ should determine whether the claimant's headaches constitute a severe impairment, and if so, he should conduct an appropriate credibility analysis taking into account the claimant's pain, reassess her RFC to include any necessary functional limitations, and then determine whether the claimant can perform any work.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and REMANDED for further proceedings as set forth above. Any objections to this Report and Recommendation must be filed within ten days.

**DATED** this 4th day of March, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**