# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNA F. VENEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-08-04-JHP-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**FINDINGS AND RECOMMENDATION FOR PLAINTIFF'S
MOTION FOR AWARD OF ATTORNEY'S FEES UNDER 42 U.S.C. §
406(b) AND MOTION FOR RELIEF UNDER FED. R. CIV. P. 60(b)**

The Plaintiff Donna F. Veney twice appealed the Commissioner of the Social Security Administration's denial of benefits. The Court twice reversed the Commissioner's decision and remanded the case to the Administrative Law Judge ("ALJ") for further proceedings. On remand the second time, the Commissioner found the Plaintiff disabled and awarded $100,684.90 in past-due benefits, out of which attorney's fees have been sought under 42 U.S.C. § 406(b)(1). For the reasons below, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's Motion For Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) and Motion for Relief under Fed. R. Civ. P. 60(b)(6) [Docket No. 28] be GRANTED and that Plaintiff's counsel be awarded $17,148.70 in attorney's fees.

The Commissioner observes that the Notice of Award was issued on February 14, 2011, and that Plaintiff filed her motion on May 4, 2011, but Plaintiff's counsel notes that

they did not receive copies of the favorable decision or Notice of Award until April 27, 2011. The undersigned therefore recommends a finding that Plaintiff moved for attorney's fees within a reasonable time and that her motion was timely under Fed. R. Civ. P. 60. *See, e. g., McGraw v. Barnhart*, 450 F.3d 493, 504, 505 (10th Cir. 2006) ("Section 406(b) itself does not contain a time limit for fee requests. . . . We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award.") [citations omitted]; *see also* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]"); *Bernal v. Astrue*, 611 F. Supp. 2d 1217, 1220 (N.D. Okla. 2009) ("So it will be abundantly clear and so there will be no question about the issue in the future, counsel is placed on notice that a reasonable time for filing a motion under Rule 60(b)(6) for consideration of a motion for fees under §406(b)(1) will be considered in terms of weeks or months, not years.").

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). The 25% limitation does not include any fee awarded to the Plaintiff's agency representative by the Commissioner under 42 U.S.C. § 406(a). *See Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("The Commissioner and court have the authority to independently determine the appropriate attorney fees. Each has separate standards to make this determination and is

only limited as provided by statute. Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner.") [internal citations omitted]. The Plaintiff's fee request of $17,148.70 is less than 25% of her past-due benefits, so the Court need only consider whether this is reasonable given the work performed in this case. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[W]e conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.").

Factors to consider in determining whether a requested fee is reasonable under *Gisbrecht* include the character of the representation and the results achieved, *id.* at 808, *citing McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) and *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (reducing the fee for substandard work), whether counsel has caused delay, and whether the contingent fee is so large in comparison to the amount of time spent on the case that it results in a windfall to counsel, *id.*, *citing Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or when the amount of the fee is unconscionable in light of the work performed). Contemporaneous billing records may be helpful in determining reasonableness. *See id.*, *citing Rodriguez*, 865 F.2d at 741. Based on these factors, the Court concludes that $17,148.70 is a reasonable attorney's fee for the work done in this case.

First, it is clear the Plaintiff was ably represented by her attorneys and obtained excellent results in her appeal to this Court. The Plaintiff's attorneys prepared a detailed brief setting forth, *inter alia*, the substantive grounds for reversal ultimately adopted by the Court. As a result, the Plaintiff's case was remanded to the ALJ for further consideration and the Plaintiff was awarded attorney's fees totaling $12,148.70 (after two appeals to this Court) as the prevailing party under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Ultimately, the Commissioner awarded disability benefits on remand, including over $75,000.00 in past-due benefits the Plaintiff will receive even after attorney's fees are deducted. Second, there is no evidence counsel caused any unnecessary delay in these proceedings. Third, the requested fee does not result in any windfall to the Plaintiff's attorneys, who spent a total of 72.8 hours of attorney work on two appeals of the Plaintiff's case to this Court. *See* Docket No. 28, Ex. E. This equates to an hourly rate of $235.56, and although this would be a premium rate if this were an hourly-rate case, it is hardly excessive where the fee was contingent and the risk of loss was clearly not negligible. The Court therefore concludes that the requested $17,148.70 fee is reasonable within the guidelines set by *Gisbrecht*.

The Commissioner withheld $25,200.00 from the Plaintiff's past-due benefits for the payment of attorney's fees but has already awarded $5,300 to Plaintiff's previous attorney for work performed at the agency level. *See* Docket No. 28, Ex. 1. Thus, the undersigned recommends that the Court award the Plaintiff $17,148.70 in attorney's fees under 42 U.S.C. §406(b), and notes that the Commissioner retains $19,900 to pay the Plaintiff's attorneys. *Cf. Wrenn*, 525 F.3d at 933 ("If the amount withheld by the

Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference."). Nevertheless, because the amount awarded herein exceeds the $12,148.70 in EAJA fees previously awarded to the Plaintiff's attorneys, the Plaintiff's attorneys must refund the latter amount to the Plaintiff. *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir.1986).

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's Motion For Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) and Motion for Relief under Fed. R. Civ. P. 60(b)(6) [Docket No. 28] be GRANTED, that the Court approve an award of attorney's fees in the amount of $17,148.70 to the Plaintiff's attorney pursuant to 42 U.S.C. § 406(b)(1), and that the Plaintiff's attorney thereafter refund to the Plaintiff the full amount previously awarded under the EAJA.

**IT IS SO ORDERED** this 8th day of July, 2011.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma